IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS F. DELLES,                          6:15-CV-00674-BR

          Plaintiff,                       OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


SHERWOOD J. REESE
Drew L. Johnson, P.C.
Eugene, OR 97401
(541) 434-6466

          Attorney for Plaintiff

BILLY J. WILLIAMS
Acting United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1011


DAVID MORADO
Regional Chief Counsel
CATHERINE ESCOBAR
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-2531

          Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

Plaintiff Thomas F. Delles seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act) and for Supplemental Security Income (SSI) under Title XVI of the Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner pursuant to sentence four, 42 U.S.C. § 405(g), for the immediate calculation and payment of benefits.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed his applications on March 6, 2012, and alleged a disability onset date of March 1, 2008. Tr. 137-44.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on December 10, 2013.  Tr. 26-48.  At the hearing Plaintiff was represented by an attorney.  During the hearing Plaintiff amended his disability onset date to May 21, 2010.

---

[1] Citations to the official transcript of record filed by the Commissioner on October 20, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

Tr. 13.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on December 20, 2013, in which he found Plaintiff is not disabled.  Tr. 10-25.  That decision became the final decision of the Commissioner on March 13, 2013, when the Appeals Council denied Plaintiff's request for review.  Tr 1-4.  See *Sims v. Apfel,* 530 U.S. 103, 106-07 (2000).

On April 21, 2015, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on May 21, 1960, and was 50 years old on the alleged amended onset of disability.  He completed a GED and has past relevant work experience in construction as a gutter installer.  Tr. 32, 74, 163.

Plaintiff alleges disability due to "avulsion injury to right heel, right arm problems."  Tr. 163.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to

3 - OPINION AND ORDER

last for a continuous period of not less than 12 months."  42
U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when
there is ambiguous evidence or when the record is inadequate to
allow for proper evaluation of the evidence.  *McLeod v. Astrue*,
640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276
F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational

interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## <u>DISABILITY ANALYSIS</u>

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See
also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir.
2011).

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairment or combination of impairments.  20 C.F.R.
§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648
F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648
F.3d at 724.  The criteria for the listed impairments, known as

Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e) 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.

6 - OPINION AND ORDER

*Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity (SGA) since his May 21, 2010, alleged onset date.  Tr. 15.  Plaintiff met the insured status requirements of the Social Security Act through March 31, 2015.

At Step Two the ALJ found Plaintiff has severe impairments of left foot pain/left plantarateral foot mass, status post left heel latissimus dorsi graft, and right hip pain secondary to antalgic gait.  Tr. 15.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal any listed impairment.  Tr. 16.  The ALJ found Plaintiff has the RFC for a full range of light work and can lift and carry 20 pounds frequently and ten pounds occasionally.  He can sit, stand, and walk for six hours each in an eight-hour day. He requires the option to sit or stand at will while still performing essential tasks.  Tr. 16.

At Step Four the ALJ found Plaintiff is incapable of performing past relevant work as a construction worker, but Plaintiff retains the ability to perform other jobs that exist in the national economy and, therefore, is not disabled.  Tr. 19.


## DISCUSSION

Plaintiff contends the Commissioner erred by (1) failing at Step Two to find degenerative changes at the lumbosacral junction is a severe impairment; (2) improperly finding Plaintiff's testimony was not fully credible; (3) erroneously finding a significant number of positions exist at the light-exertion level that allow for an at-will sit/stand option; and (4) failing to provide a legally sufficient explanation for an inconsistency between the *Dictionary of Occupational Titles* and VE's testimony. Because the second issue is dispositive, the Court need not address the latter assertions.

## I.  Step Two

Plaintiff contends the ALJ erred at Step Two by failing to find moderate degenerative changes at the lumbrosacral junction is a severe impairment.

At Step Two the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. *Keyser,* 648 F.3d at 724.. The Social Security Regulations and Rulings, as well as the case law that applies them, discuss the

8 - OPINION AND ORDER

Step Two severity determination in terms of what is "not severe." According to the regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities." 20 C.F.R. § 404.1521(a). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 404.1521(b).

The Step Two inquiry is a *de minimis* screening device to dispose of groundless claims. *Keyser,* 648 F.3d at 724. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." SSR 85-28. *See also Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir 1988)(adopting SSR 85-28). A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings and cannot be established on the basis of a claimant's symptoms alone. 20 C.F.R. § 404.1508.

The ALJ noted the diagnosis of moderate degenerative change at the lumbosacral junction, but he did not find the change was severe and did not identify any functional limitations arising from the diagnosis. Tr. 18, 268. Plaintiff argues the degenerative changes caused him to experience back pain, which

further supports his testimony that he sits and lies down to relieve pain. Plaintiff, however, did not assert he suffers from back pain, did not mention back pain at his hearing, and did not identify any functional limitations arising from back pain.

On this record the Court concludes the ALJ did not err at Step Two.

## II. Credibility of Plaintiff's Testimony

Plaintiff contends the ALJ erred when he found Plaintiff's testimony was not fully credible. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). *See also Vasquez v. Astrue,* 547 F.3d 1101, 1104 (9th Cir. 2008). The ALJ's findings, however, must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). *See also Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir. 2001). Unless there is affirmative evidence that shows the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify the testimony that is not credible and the evidence that undermines the claimant's complaints. *Id.* The evidence on which the ALJ relies must be substantial. *Id.* at 724. *See also Holohan,* 246 F.3d at 1208. General findings (*e.g.,* "record in general" indicates improvement) are an insufficient basis to support an

adverse credibility determination. *Reddick,* 157 F.3d at 722.
*See also Holohan,* 246 F.3d at 1208. The ALJ must make a
credibility determination with findings sufficiently specific to
permit the court to conclude that the ALJ did not arbitrarily
discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d
947, 958 (9th Cir. 2002).

When deciding whether to accept a claimant's subjective
symptom testimony, "an ALJ must perform two stages of analysis:
the *Cotton* analysis and an analysis of the credibility of the
claimant's testimony regarding the severity of her symptoms."
*Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).

> Under the *Cotton* test, a claimant who alleges
> disability based on subjective symptoms "must
> produce objective medical evidence of an under-
> lying impairment which could reasonably be
> expected to produce the pain or other symptoms
> alleged." *Bunnell,* 947 F.2d at 344 (quoting
> 42 U.S.C. § 423(d)(5)(A) (1988)); *Cotton,* 799
> F.2d at 1407-08. The *Cotton* test imposes only
> two requirements on the claimant:(l) she must
> produce objective medical evidence of an
> impairment or impairments; and (2) she must
> show that the impairment or combination of
> impairments *could reasonably be expected to*
> (not that it did in fact) produce some degree
> of symptom.

*Smolen,* 80 F.3d at 1282. *See also Carmickle v. Comm'r Soc. Sec.*
*Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008).

A. **Plaintiff's Function Report and Pain Questionnaire**

Plaintiff completed an Adult Function Report on April 17,
2012. Tr. 181-89. He asserted he could not walk or stand for

11 - OPINION AND ORDER

more than 10-15 minutes.  Tr. 181.  Plaintiff lives alone,
cooks, does dishes and laundry, and watches television.  Tr. 182.
He prepares daily meals, which takes two or three hours, and does
cleaning and laundry for one to two hours daily.  Tr. 183-84.
Plaintiff does not have a driver's license and travels by
bicycle.  He shops for groceries once a month for two or three
hours.

     Plaintiff has trouble lifting, squatting, bending, standing,
reaching, walking, and stair climbing.  Tr. 186.  He "cannot be
on [his] feet for more than 10-15 min. at a time without sitting
to relieve the pain."  Tr. 186.  He uses a prescribed cane when
walking.  Tr. 187.

     On April 24, 2012, Plaintiff completed a Pain and Fatigue
Questionnaire.  Tr. 190.  He described aching pain in his left
foot, right hip, and right shoulder when standing and walking,
which is relieved by sitting.  He stated he does not require
daily rests or naps, but he needs to rest between activities.  He
can be active for 10-15 minutes before requiring rest.

     **B.  Plaintiff's Testimony**

     At the December 2013 hearing Plaintiff testified he last
worked in November 2010 in a gutter installation shop.  Tr. 32.
He bent "elbows," swept the floor, and put away inventory.  He
lifted 25-30 pounds and was on his feet most of the time.  He
held various positions in the company and had worked as a gutter

installer for the company since 1994. He worked about two months in the shop full-time before he was laid off because he could not stand long enough to do the work. Tr. 33.

Plaintiff takes "aspirin every now and then." *Id.* He was in a motorcycle accident in 1988 and had muscle and skin grafts to his left heel. One leg is shorter than the other, and it causes him to walk in a way that resulted in bursitis in his right hip. Tr. 34. He has had daily pain in his left foot and right hip for three or four years. His average pain level is seven or eight out of ten, but he takes only aspirin because "all's I have to do is sit down, get – put the weight – get the weight off of my feet and my hip." Tr. 34.

He has discussed surgery with his doctors, but they don't know whether the skin graft will take again. Tr. 35. He has over-the-counter orthotics that do not provide relief. Although he has a customized shoe, "there's no way I can keep the weight off my foot if I'm standing on it. No matter what the shoe is, or what the padding is." Tr. 36. He thinks he can lift 50 pounds and carry ten. He uses a cane (which is not prescribed) if he is going to be walking a lot. He can sit for about 30 minutes before he needs to stand or to move to relieve his hip pain. Tr. 37. He can stand or walk for ten to fifteen minutes. He spends a "couple hours" a day lying down because "[t]ired I guess, the pain too, from the hip and to keep the weight off the

foot.  It's either sit down or lay down.  I do both." *Id.*

Plaintiff lives in a trailer on a friend's property and does not pay any rent.  Tr. 38.  He drives three blocks daily to get cigarettes.  Tr. 37, 40.  He does not have any income except from buying items at garage sales and reselling them at flea markets.  Tr. 38.  He spends about two hours a week buying and selling things.  He receives food stamps and medical insurance under the Oregon Health Plan, which was effective the month after the hearing.  Tr. 39.

Plaintiff has a growth on his left foot about the size of a marble.  Doctors are not sure if they can help him.  Tr. 40.  He has been referred to physical therapy.  He does not want pain medication because his foot is numb, and he is concerned that he would not know if he hurt it.  Tr. 41.

## C. The ALJ's Findings Regarding the Credibility of Plaintiff's Testimony

The ALJ found Plaintiff's testimony was not entirely credible regarding the intensity, persistence, and limiting effects of his symptoms.  The ALJ relied on Plaintiff's lack of treatment; the opinion of Daniel Lincoln, M.D.; Plaintiff's daily activities; and Plaintiff's inconsistent statements.  Tr. 17–18.

### 1. **Lack of Treatment**

It is not proper to discredit a claimant for not obtaining treatment he cannot afford.  *Orn v. Astrue,* 495 F.3d

625, 638 (9th Cir. 2007).  The ALJ noted Plaintiff sought little
medical treatment during the period of his alleged disability.
Tr. 17.  Plaintiff, however, testified he had minimal income, and
he did not obtain medical insurance until three weeks post-
hearing.  Tr. 39.  He received some care from Urgent Care through
financial aid.  Tr. 40.  He was able to relieve his pain by
sitting or lying down.  Tr. 37, 40, 234.

On this record the Court concludes Plaintiff's lack of
treatment is not a clear or convincing reason for the ALJ to find
Plaintiff's testimony was less than fully credible.

### 2.  **Dr. Lincoln's Opinion**

Dr. Lincoln examined Plaintiff on May 12, 2012.
Tr. 234-38.  Dr. Lincoln noted Plaintiff "walks with an abnormal
gait, only bearing weight on the ball of his left foot."
Tr. 235.  Plaintiff was able to stand from a seated position and
walk to the examination table without difficulty.  Dr. Lincoln
noted Plaintiff reported he experiences pain within 10-15 minutes
of walking or standing, which is relieved by rest and elevation.
Tr. 238, 234.  Dr. Lincoln found Plaintiff had normal motor
strength and no limitations in walking or standing.  Tr. 238.
Dr. Lincoln concluded he could not "find an objective
justification for limiting [Plaintiff's] standing or walking."
Tr. 238.

The ALJ pointed out that Dr. Lincoln "did not note any

15 - OPINION AND ORDER

objective clinical basis for the claimant not to be able to bear weight on his left heel." Tr. 18. A claimant, however, need not present clinical or diagnostic evidence to support the severity of his pain. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1201 (9th Cir. 1990)(". . . it is the very nature of excess pain to be out of proportion to the medical evidence.").

On this record the Court concludes the lack of medical support for the severity of Plaintiff's pain is not a clear and convincing reason for the ALJ to find Plaintiff's testimony was less than fully credible. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995).

    3. **Plaintiff's Daily Activities**

The ALJ found Plaintiff's "activities show that he would be capable of working" with his RFC. Tr. 18. The activities include cooking, doing chores, personal care, driving, visiting garage sales, riding a bicycle, and shopping monthly.

There are two grounds permitted for using daily activities to form the basis of an adverse credibility determination: 1) because the activities contradict other testimony or 2) because the activities meet the threshold for transferable work skills. *Orn,* 495 F.3d at 639. Sporadic activities "punctuated with rest" are not inconsistent with disability. *Reddick,* 157 F.3d at 722-23. Neither the ALJ nor the Commissioner points to any contradiction with other testimony

nor does the record reflect Plaintiff's daily activities meet the threshold for transferable skills.

On this record the Court concludes Plaintiff's daily activities are not clear or convincing reasons for the ALJ to find Plaintiff's testimony was less than fully credible.

4. **Inconsistent Statements**

When assessing credibility the ALJ is allowed to consider the consistency of a claimant's statements. SSR 96-7p, at *5. *See also Thomas,* 278 F.3d at 958. The ALJ, however, noted Plaintiff's December 2013 testimony that he lies down for a couple of hours daily because he is tired and experiencing pain. The ALJ found Plaintiff's testimony was contradicted by Plaintiff's April 2012 assertion that he does not require daily rests or naps. Tr. 18. Plaintiff, however, also stated in his April 2012 Pain Questionnaire that he can be active for 10-15 minutes before requiring rest between activities.

In summary, on this record the Court concludes the ALJ erred when he found Plaintiff's testimony was less than fully credible because the ALJ failed to provide legally sufficient reasons convincing reasons for doing so.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely

17 - OPINION AND ORDER

utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The Court has concluded the ALJ erred when he rejected Plaintiff's testimony. If credited, that testimony establishes that Plaintiff is disabled. Thus, the Court concludes Plaintiff is disabled based on this medical record and no useful purpose

would be served by a remand of this matter for further proceedings. *See Harman,* 211 F.3d at 117.

Accordingly, the Court remands this matter for the immediate calculation and award of benefits.

<u>**CONCLUSION**</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner pursuant to sentence four, 42 U.S.C. § 405(g), for the immediate calculation and payment of benefits to Plaintiff.

IT IS SO ORDERED.

DATED this 20th day of April, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

19 - OPINION AND ORDER